Rosscer Craig TUCKER, II, Petitioner,

v.

Lizabeth THOMAS, Respondent.

No. 12–0183.

Supreme Court of Texas.

Argued Feb. 5, 2013.

Decided Dec. 13, 2013.

Allison Hughes Jones, Allison Jones & Associates. P.C., Alyssa P. Lemkuil, Daniel J. Lemkuil, Janice Lynn Berg, The Law Office of Daniel J. Lemkuil, Houston, TX, for Petitioner Rosscer Craig Tucker, II.

Marshall Davis Brown Jr., Pavlas Brown & York, L.L.P., Houston, TX, Walter P. Mahoney Jr., Law Office of Walter P. Mahoney, Jr., Pasadena, TX, for Respondent Lizabeth Thomas.

Justice GREEN delivered the opinion of the Court.

In this case, we consider whether a trial court has authority to order a parent to pay attorney's fees as additional child support in a non-enforcement modification suit under Title 5 of the Texas Family Code. The court of appeals held that the trial court in this modification suit under Chapter 156 of the Family Code had discretion to characterize an award of attorney's fees as necessaries and, as necessaries, had discretion to award fees as additional child support. 405 S.W.3d 694, 697 (Tex.App.-Houston [14th Dist.] 2011, pet. granted). We hold that, in the absence of express statutory authority, a trial court does not have discretion to characterize attorney's fees awarded in nonenforcement modification suits as necessaries or as additional child support. Accordingly, we reverse the court of appeals' judgment in part and remand the case to the trial court for proceedings consistent with this opinion.

## I. Background

Rosscer Craig Tucker, II and Lizabeth Thomas divorced in 2005. In the divorce decree, the trial court appointed Tucker and Thomas as joint managing conservators of their three children, naming Thomas as the parent with the exclusive right to designate the children's primary residence and granting Tucker visitation rights pursuant to a standard possession order. The trial court also ordered Tucker to pay child support. Three years later, Tucker sought modification of the decree, requesting that the trial court name him as the parent with the exclusive right to designate the children's primary residence. Thomas filed a countersuit, requesting that the trial court modify the decree by naming her as sole managing conservator of the children, modify the possession order, and increase Tucker's child support obligation. The trial court appointed an amicus attorney to assist the court in protecting the best interests of the children.

Following a bench trial, the trial court denied Tucker's requests for modification and granted part of the relief requested by Thomas by increasing Tucker's monthly child support obligation and reducing Tucker's periods of possession. Additionally, the trial court found the amicus attorney's fees and Thomas's attorney's fees to be necessaries expended for the children's benefit. The trial court ordered Tucker and Thomas to each pay half of the amicus attorney's fees as additional child support. The trial court further ordered Tucker to pay Thomas's attorney's fees as additional child support, plus postjudgment interest. Tucker filed a motion for new trial, challenging the trial court's order requiring him to pay attorney's fees to both the amicus attorney and Thomas as additional child support rather than assessing the attorney's fees as costs. The trial court denied the motion.

Tucker appealed on grounds relating to attorney's fees and the denial of his requests for modification. The court of appeals, hearing the case en banc, considered only the merits of the two attorney's fees issues because Tucker waived his complaint on the modification requests.[1] 405 S.W.3d at 711–14. The court of appeals held that the Family Code gives trial courts authority to order a parent to pay attorney's fees for legal services benefitting the children—whether provided by the amicus attorney or the other parent— as additional child support in non-enforce-ment modification suits. *Id.* at 712. While acknowledging that other Texas courts of appeals have held that the Family Code does not expressly grant trial courts authority to assess attorney's fees as additional child support when parties seek only modification of an order under Title 5 of the Family Code, the court reasoned that a parent's statutory duty to provide his or her children with necessaries evidences the Legislature's intent to grant trial courts broad discretion to assess attorney's fees as child support. *Id.* at 703–05. The court of appeals further held that there was insufficient evidence to support the trial court's finding that the attorney's fees awarded to Thomas were reasonable, reversing on that issue and remanding the case to the trial court for a determination of reasonable attorney's fees. *Id.* at 714.

In this Court, Tucker has pursued only the issue of whether Thomas's attorney's fees could be awarded as additional child support, and we granted his petition to resolve the disagreement among the courts of appeals.[2] 56 Tex. Sup.Ct. J. 100–01 (Nov. 16, 2012). *Compare* 405 S.W.3d at 714 (holding that attorney's fees incurred in a non-enforcement modification suit can be awarded as additional child support under the Family Code), *with, e.g., In re Moers*, 104 S.W.3d 609, 612 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (holding that attorney's fees and costs may not be

---

1. The court of appeals held that Tucker failed to preserve error regarding the trial court's denial of his requests for modification. 405 S.W.3d at 713–14. Tucker also argued that the trial court erred by assessing compound interest on the attorney's fees. The court of appeals held that Tucker waived his complaint on that issue. *Id.* at 712–13. We agree and therefore do not address these issues.

2. Tucker abandoned his challenge to the trial court's award of the amicus attorney's fees as additional child support. Therefore, our re-view in this case is limited to whether the trial court had discretion to award attorney's fees incurred by Thomas as additional child support. Additionally, Thomas does not challenge the court of appeals' reversal on the amount of reasonable attorney's fees. We therefore express no opinion as to whether the amicus attorney's fees could be awarded as additional child support or whether the amount of attorney's fees awarded was supported by legally sufficient evidence.

awarded as child support when they are incurred in a suit to modify the parent-child relationship that does not involve the enforcement of a child support obligation).

## II. Analysis

 In this issue of first impression, we must determine whether the Legislature has authorized a trial court to award attorney's fees incurred by a party in a non-enforcement modification suit affecting the parent-child relationship (SAPCR) as additional child support.[3] Because this is an issue of law involving statutory construction, we review it de novo. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008). Our primary objective when construing statutes is to give effect to the Legislature's intent. *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex.2011). We must ascertain this intent by looking to the entire act. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 549 (Tex.1981).

 Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract. *See, e.g., 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex.2011). Title

5 of the Family Code provides a comprehensive scheme authorizing a trial court to award attorney's fees pursuant to both a general statute and specific statutes. *See, e.g.*, TEX. FAM.CODE § 106.002. The Legislature also provides specific mechanisms for the enforcement attorney's fees awards in SAPCRs. *See, e.g., id.* As discussed below, neither the Legislature nor our case law related to the common law doctrine of necessaries has recognized trial court authority to characterize attorney's fees in non-enforcement modification suits as necessaries or as additional child support. We hold that, in the absence of express statutory authority, a trial court may not award attorney's fees recoverable by a party in a non-enforcement modification suit as necessaries or additional child support.[4]

### A. Split Among the Courts of Appeals

The majority of the courts of appeals that have addressed this issue have held that a trial court may not characterize attorney's fees incurred by a party in a non-enforcement modification suit as additional child support. *See, e.g., In re Moers*, 104 S.W.3d at 612; *see also* 405 S.W.3d at 704 n. 6 (listing five courts of appeals that have followed *In re Moers*).[5]

---

3. This case involves only actions to modify custody and support orders and does not involve any action for enforcement of child support payments. The concurrence's concerns regarding blended proceedings—those in which the parties seek both modification and enforcement of support orders—are not raised by the facts before us. *See* 419 S.W.3d at 304–05.

4. We express no opinion as to whether a statute that expressly authorizes a trial court to enforce an award of attorney's fees incurred by a party in a non-enforcement modification suit by any means available for the enforcement of a child support obligation—which necessarily includes the possibility of confinement for contempt—would pass con-

stitutional muster. *Compare* TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."), *with In re Henry*, 154 S.W.3d 594, 596 (Tex.2005) (orig.proceeding) (per curiam) ("[T]he obligation to support a child is viewed as a legal duty and not as a debt.").

5. Six courts of appeals now follow *In re Moers. See Underwood, Wilson, Berry, Stein & Johnson, P.C. v. Sperrazza*, No. 07–10–0435–CV, 2012 WL 1252970, at *2, *3–4, 2012 Tex.App. LEXIS 2923, at *6, *8–10 (Tex.App.-Amarillo Apr. 12, 2012, no pet.) (mem.op.); *In re M.A.F.*, No. 12–08–00231–CV, 2010 WL 2178541, at *8–10, 2010 Tex.App. LEXIS 4097, at *22–25 (Tex.App.-Tyler May 28, 2010, no pet.) (mem.op.); *In re A.S.Z.*, No. 2–07–259–CV, 2008 WL 3540251, at *1–2, 2008

Those courts of appeals reason that the Legislature has distinguished between attorney's fees awarded in modification suits and attorney's fees awarded in enforcement suits due to the potentially serious consequences that stem from characterizing attorney's fees as child support. *See, e.g., Finley v. May,* 154 S.W.3d 196, 199 (Tex.App.-Austin 2004, no pet.). Specifically, section 157.166 of the Family Code authorizes a trial court to enforce a child support obligation through use of its contempt powers, which includes the possibility of confinement. *See* TEX. FAM.CODE § 157.166.

The court of appeals in this case reached the opposite conclusion, holding that the attorney's fees incurred by Thomas in this non-enforcement modification suit were necessaries, and, as necessaries, the attorney's fees could be awarded as additional child support. 405 S.W.3d at 714. The court of appeals relied on the absence of any prohibition in the Family Code related to the characterization of attorney's fees to reach its conclusion that a trial court has inherent authority to order attorney's fees as additional child support in a non-enforcement modification suit. *Id.* at 704. Only one other court of appeals has upheld a trial court order awarding attorney's fees as child support in a non-enforcement modification suit. *See Daniels v. Allen,* 811 S.W.2d 278, 280 (Tex.App.–Tyler 1991, no writ). More recently, however, that same court held that a trial court may not award attorney's fees as child support in a non-enforcement modification suit. *See In re M.A.F.,* No. 12–08–00231–CV, 2010 WL 2178541, at *8–10, 2010 Tex.App. LEXIS 4097, at *22–24 (Tex.App.-Tyler May 28, 2010, no pet.) (mem.op.).

Tex.App. LEXIS 6240, at *1–3 (Tex.App.-Fort Worth Aug. 14, 2008, no pet.) (per curiam) (mem.op.); *Naguib v. Naguib,* 183 S.W.3d 546, 547–48 (Tex.App.-Dallas 2006, no pet.);

## B. Attorney's Fees in Suits Affecting the Parent–Child Relationship

Numerous sections in the Family Code authorize a trial court to award attorney's fees in a SAPCR. Section 106.002, applicable to all SAPCRs, invests a trial court with general discretion to render judgment for reasonable attorney's fees to be paid directly to a party's attorney. TEX. FAM. CODE § 106.002(a); *see also Lenz v. Lenz,* 79 S.W.3d 10, 21 (Tex.2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court."). In addition, the Legislature has enacted specific provisions that control awards of attorney's fees in certain types of cases under Title 5, including separate provisions for Chapter 156 modification suits and Chapter 157 enforcement suits. For example, section 156.005 requires that a trial court tax attorney's fees as costs against the offending party in modification suits if the court finds that the suit was "filed frivolously or is designed to harass a party." TEX. FAM. CODE § 156.005. In enforcement suits, section 157.167 generally requires a trial court to award reasonable attorney's fees if it finds that a respondent either failed to make child support payments or failed to comply with the terms of an order providing for possession of or access to a child. *Id.* § 157.167. Similarly, section 154.012 mandates that a trial court order a child support obligee to pay the obligor's attorney's fees if the court finds that the obligee failed to return a child support payment in excess of the support ordered, subject to the trial court's discretion to waive the requirement on a good-cause showing. *Id.* § 154.012(b). Other than the provision regarding frivolously filed

*Finley v. May,* 154 S.W.3d 196, 199 (Tex.App.-Austin 2004, no pet.); *In re J.C.K.,* 143 S.W.3d 131, 143 (Tex.App.-Waco 2004, no pet.).

modification suits in section 156.005, no provision in Chapter 156 specifically provides trial courts with authority to award attorney's fees in modification suits. Thus, trial courts must derive authority to order attorney's fees in non-enforcement modification suits from Title 5's general attorney's fees provision in section 106.002. *See id.* § 106.002.

The Legislature has provided specific enforcement mechanisms for attorney's fees awarded in a SAPCR. Section 106.002, which applies generally to all SAPCRs, provides that a judgment for attorney's fees may be enforced by any means available for the enforcement of a judgment for debt. *Id.* § 106.002(b). In contrast, attorney's fees ordered in enforcement suits under Chapter 157 "may be enforced by any means available for the enforcement of child support, including contempt." *Id.* § 157.167(a), (b). In addition, the Legislature has given trial courts discretion to characterize attorney's fees awarded to an amicus attorney or attorney ad litem under section 107.023 as "necessaries for the benefit of the child." *Id.* § 107.023(d). Chapter 156 provides only one specific method for enforcement of an award of attorney's fees in modification suits—section 156.005's provision regarding frivolously filed modification suits. *See generally id.* §§ 156.001–.409.

The distinction between a judgment for attorney's fees characterized as a debt and an award of attorney's fees characterized as additional child support is significant. *Compare id.* § 106.002(b) (judgment as debt), *with id.* § 157.167(a), (b) (award as additional child support). The Texas Constitution prohibits a trial court from confining a person under its contempt powers as a means of enforcing a judgment for debt. Tex. Const. art. I, § 18 ("No person shall ever be imprisoned for debt."). On the other hand, a child support obligation

and attorney's fees related to a child support enforcement proceeding are viewed as a legal duty and are not considered a debt. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig.proceeding) (per curiam); *see also Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 189 (1953) ("The attorney's fee is but a part of the procedural remedy for *enforcing* substantive rights and the fee allowed as well as other costs in the proceeding is incidental to and a part of the payments necessary for the support of the minors." (emphasis added)). Therefore, a trial court may use its contempt power as set forth in Chapter 157—including the possibilities of confinement, garnishment of wages, and suspension of the obligor's driver's license—to ensure that child support obligors pay overdue child support. *See* Tex. Fam.Code §§ 158.0051, 232.003; *In re Henry*, 154 S.W.3d at 596. In light of these mechanisms available to a trial court to enforce child support obligations, child support collection is, without question, "serious business." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 627, 2013 WL 854785 (Tex.2013).

### 1. The Legislature's Silence Is Significant

█ A trial court's authority to award attorney's fees in civil cases may not be inferred; rather, the Legislature must provide authorization through the express terms of the statute in question. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996) (orig.proceeding) (quoting *First City Bank–Farmers Branch, Tex. v. Guex*, 677 S.W.2d 25, 30 (Tex.1984)). Likewise, the authority to assess attorney's fees as additional child support or as necessaries in SAPCRs cannot be inferred. Instead, we must look to the specific statute providing for an award of attorney's fees for this authority—authority that is absent in the context of non-enforcement modification suits.

In 1999, the Legislature granted trial courts with discretion to enforce an award of attorney's fees in enforcement proceedings under Chapter 157 by the same means available for the enforcement of a child support obligation. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 18, 1999 Tex. Gen. Laws 3058, 3062 (amending section 157.167 by adding subsection (c), providing that attorney's fees awarded in enforcement proceedings "may be enforced by any means available for the enforcement of child support, including contempt"), *amended by* Acts of May 17, 2005, 79th Leg., R.S., ch. 253, § 1, 2005 Tex. Gen. Laws 452, 452. Today, that language is found in section 157.167(a) and reads:

> If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages. Fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt.

TEX. FAM.CODE § 157.167(a). However, the Legislature did not provide a similar provision applicable to modification suits under Chapter 156. Section 106.002, the general attorney's fees provision that grants the trial court authority to award attorney's fees in this modification suit, does not contain language providing for enforcement as child support, like the language in section 157.167. *Compare id.* § 106.002 (providing that a judgment for attorney's fees may be enforced by the same means available for the enforcement of a judgment for debt), *with id.* § 157.167(a) (providing that an award of attorney's fees may be enforced by the same means available for the enforcement of child support). In fact, except in the context of enforcement proceedings, no provision in Title 5 expressly provides a trial court with discretion to enforce an award of attorney's fees by the same means available for the enforcement of child support, including contempt. *But see id.* § 107.023(d) (providing that fees awarded to an amicus attorney, an attorney ad litem for the child, or a guardian ad litem for the child under Chapter 107, Subchapter B, Part 2 are necessaries for the benefit of the child).

▮ In light of the Family Code's detailed scheme concerning awards of attorney's fees in SAPCRs, we believe it is significant that the Family Code is silent as to whether a trial court may characterize attorney's fees as additional child support in non-enforcement modification suits. *See PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex.2004) ("A statute's silence can be significant."). Since the Legislature expressly authorized the assessment of attorney's fees as additional child support in enforcement suits, but not in modification suits or under Title 5's general attorney's fees provision, we conclude that the Legislature did not intend to grant the trial court authority to characterize Thomas's attorney's fees as part of Tucker's child support obligation. The court of appeals erred in holding otherwise.

2. **Section 151.001 Does Not Provide Trial Courts with Authority to Characterize Attorney's Fees as Necessaries in Non–Enforcement Modification Suits**

The common law rule that a parent is liable for necessaries furnished to the parent's child by a third person arose in the English courts more than three centuries ago as a means to enforce a husband's duty to support his wife and children. *See* Note, *The Unnecessary Doctrine of Necessaries*, 82 MICH. L.REV. 1767, 1767 (1984); *see also* BLACK'S LAW DICTIONARY 554 (9th ed.2009) (providing a historical definition

of the "doctrine of necessaries"). As we have noted, the doctrine of necessaries implied a contract between a parent and the provider of the necessaries at common law. *See Searcy v. Hunter*, 81 Tex. 644, 17 S.W. 372, 373 (1891). In 1967, the Legislature amended former Article 4614 of our Civil Statutes to establish a statutory duty in parents for support of the family, including liability to third parties who provide necessaries to the child upon the parent's failure to provide for the child.[6] *See* Act of May 16, 1967, 60th Leg., R.S., ch. 309, § 1, art. 4614, 1967 Tex. Gen. Laws 735, 736 ("Each spouse has the duty to support his or her children.... A spouse who fails to discharge a duty of support is liable to any person who provides necessaries to those to whom support is owed."). Ultimately, the Legislature codified a parent's common law liability for necessaries provided to his or her children in section 151.001(c) of the Family Code, which provides that "[a] parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." Tex. Fam.Code § 151.001(c).

As noted by the court of appeals, we recognized in two cases decided more than a century ago that attorney's fees for services rendered for the benefit of a child may, under some circumstances, be treated as necessaries under the common law. *See Searcy*, 17 S.W. at 373 (holding that attorney's fees are necessaries in a civil suit to recover money or property for the minor); *Askey v. Williams*, 74 Tex. 294, 11 S.W. 1101, 1101–02 (1889) (holding that attorney's fees are necessaries for the criminal defense of a child); *see also In re H.V.*, 252 S.W.3d 319, 327 n. 55 (Tex.2008) (noting that a parent has a duty to pay attorney's fees incurred by the children for their defense of a criminal prosecution under section 151.001(c) of the Family Code). Following these decisions, courts of appeals began awarding attorney's fees as necessaries in non-enforcement custody and modification suits—sometimes as child support—under both the common law and, later, the statutory duty. *See, e.g., Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex. App.-Tyler 1991, no writ); *see also Schwartz v. Jacob*, 394 S.W.2d 15, 20–21 (Tex.Civ.App.-Houston 1965, writ ref'd n.r.e.). However, this Court has never held that attorney's fees incurred by a parent in a non-enforcement modification suit are necessaries under the common law doctrine of necessaries or its embodiment in section 151.001(c). In light of both the plain language of section 151.001(c) and Title 5's comprehensive scheme related to attorney's fees, we decline to do so today.

6. The Legislature recodified Article 4614 as section 4.02 of the Family Code in 1969 upon adoption of Title 1 of the Family Code. *See* Act of June 2, 1969, 61st Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2707, 2725–26. This language imposing on parents the duty to support their children and making parents liable to third parties for necessaries remained in effect in section 4.02 under Title 1, "Husband and Wife," until 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 4, 1995 Tex. Gen. Laws 3888, 3889. In 1995, the Legislature removed the language regarding children from section 4.02 and added language imposing a liability for necessaries on parents to section 151.003(c), "Rights and Duties of Parent," under Title 5, "The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." *Compare* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 151.003(c), 1995 Tex. Gen. Laws 113, 139 (adding the language regarding necessaries for children to section 151.003(c)), *with* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 4, 1995 Tex. Gen. Laws 3888, 3889 (removing the language regarding parent's duties from section 4.02). In 2001, section 151.003 became section 151.001, and the relevant language is now section 151.001(c). *See* Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 2.13, sec. 151.001, 2001 Tex. Gen. Laws 1610, 1638–39.

The plain language of section 151.001(c) does not support the court of appeals' conclusion that section 151.001(c) may be used as a vehicle for awarding attorney's fees in non-enforcement modification suits as necessaries or as additional child support. Section 151.001(c) conditions a parent's liability for necessaries upon a parent's *failure* to discharge the duty of support. *See* TEX. FAM.CODE § 151.001(c). Failure to support the child is not the basis for a non-enforcement modification suit under Chapter 156. In contrast, the failure to support a child is often the focus of enforcement proceedings under Chapter 157, and consistent with section 151.001(c), the Legislature deliberately provided trial courts with authority to enforce an award of attorney's fees in enforcement suits by the same means available for enforcing a child support order. *See id.* § 157.167(a). Further, the Legislature has specifically provided trial courts with discretion to characterize fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem appointed under Chapter 107, Subchapter B, Part 2 as necessaries, but it has not done the same for attorney's fees awarded to a party in a Chapter 156 modification suit. *Id.* § 107.023. Because Chapter 156 is devoid of similar authorization, we conclude that the Legislature did not intend to provide trial courts with discretion to characterize attorney's fees incurred by a party in a non-enforcement modification suit as necessaries. *Cf. Quick v. City of Austin*, 7 S.W.3d 109, 122–23 (Tex.1998) ("[W]hile the Legislature clearly was well-versed in drafting statutes that explicitly provided that a local act was not effective until approved by the Commission, the Legislature chose not to include such an express provision [here]. We presume that this omission has a purpose."); *see also In re V.L.K.*, 24 S.W.3d 338, 343 (Tex.2000) (holding that Chapter 153's statutory presumption that a child's best interest is served by awarding custody to the parent in original custody proceedings does not apply in Chapter 156 modification proceedings in the absence of a similar provision in Chapter 156).

### III. Conclusion

The Legislature has provided trial courts with broad discretion to resolve family law matters. In enforcement proceedings, the Legislature expressly provided for mandatory awards of attorney's fees and specific means for enforcing those awards. *See* TEX. FAM.CODE § 157.167(a). Except when a trial court finds that a party filed a non-enforcement modification suit frivolously or with the purpose of harassing the opposing party, no provision in Chapter 156 authorizes an award of attorney's fees in modification suits. *See id.* § 156.005. Thus, trial courts must look to section 106.002—Title 5's general attorney's fee provision—for authority to award attorney's fees in most non-enforcement modification suits. Noticeably absent from section 106.002 is authority for a trial court to characterize an attorney's fee award as necessaries or as additional child support. In light of this absence of express authorization, we conclude that the Legislature did not intend to provide trial courts with discretion to assess attorney's fees awarded to a party in Chapter 156 modification suits as additional child support. Moreover, neither our precedent nor the plain language of section 151.001(c) supports the court of appeals' conclusion that attorney's fees in non-enforcement modification suits may be characterized as necessaries, enforceable by contempt.

Because this case does not involve enforcement proceedings under Chapter 157, we hold that the trial court lacked discretion to characterize Thomas's attorney's fees as necessaries and as a part of Tuck-

er's child support obligation. The court of appeals erred in holding otherwise. Accordingly, we reverse the court of appeals' judgment in part and remand the case to the trial court for proceedings consistent with this opinion.

Justice GUZMAN filed a concurring opinion in which Justice LEHRMANN joined.

Justice BROWN did not participate in the decision.

Justice GUZMAN, joined by JUSTICE LEHRMANN, concurring.

Trial courts have long struggled to protect children from the threat of ill-willed child custody battles that may lead parties to financial ruin. Because of the potential harm to children that accompanies these disputes,[1] there are a number of legislatively enacted approaches to deter parties from pursuing frivolous or harassing custody modification suits.[2] Recent enactments clarify a legislative policy choice to allow trial courts the discretion to award attorney's fees as necessaries or child support in support enforcement proceedings. But the Texas Legislature has remained silent as to whether this discretion is also available in modification proceedings, such as the one at issue here.

Although providing trial courts with this authority would further the courts' ability to protect the financial stability of children caught in the middle of acrimonious custody battles, I agree with the Court's holding that the Texas Family Code does not afford a trial court such discretion. But the treatment of attorney's fees in modification and enforcement proceedings has

been more complicated than the Court might indicate. I write separately to briefly explain this history and to illuminate why this subject has resulted in a lack of uniformity among the courts of appeals.

## I. The Common–Law Doctrine of Necessaries

As the Court notes, the underpinnings of the doctrine of necessaries may be traced back over three centuries to English courts. 419 S.W.3d 292, 298–99 (citing Note, *The Unnecessary Doctrine of Necessaries*, 82 MICH. L.REV. 1767, 1767 (1984)). The doctrine implied a contract between a husband and a third party who supplied necessaries to the husband's wife and children, providing the third party with a means of holding the husband liable for the support of his family. *Id.*

As early as 1867, this Court expressly recognized a father's liability for necessaries furnished to his child. *Fowlkes v. Baker,* 29 Tex. 135, 137 (1867); *see also Cunningham v. Cunningham,* 120 Tex. 491, 40 S.W.2d 46, 48 (1931) (noting that a father's liability for necessaries furnished to his minor child "is generally enforced in England, ... the United States, and always in Texas"). Not long after, this Court recognized attorney's fees incurred as a result of services rendered for the benefit of a minor may be treated as necessaries. *See, e.g., Searcy v. Hunter,* 81 Tex. 644, 17 S.W. 372, 373 (1891) (holding that attorney's fees are necessaries in a civil suit to recover money or property for the minor); *Askey v. Williams,* 74 Tex. 294, 11 S.W. 1101, 1101–02 (1889) (holding that attorney's fees are necessaries for the criminal de-

---

**1.** *See In re Stephanie Lee,* 411 S.W.3d 445, 449 (Tex.2013) (discussing the emotional and psychological toll that "custody battles" have on children involved in such disputes).

**2.** *See, e.g.,* TEX. FAM.CODE § 156.005 ("If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party.").

fense of a child); *see also In re H.V.*, 252 S.W.3d 319, 327 n. 55 (Tex.2008) (noting that a parent has a duty to pay attorney's fees incurred by the children for their defense of a criminal prosecution under section 151.001(c) of the Family Code); 419 S.W.3d at 299.

But it was not until 1965 that a Texas court expressly applied the doctrine of necessaries to hold a father liable for attorney's fees specifically incurred in custody modification proceedings. *See Schwartz v. Jacob*, 394 S.W.2d 15, 20 (Tex. Civ.App.-Houston 1965, writ ref'd n.r.e.). In *Schwartz*, the court was faced with a dispute involving both the enforcement of a child-support judgment and modification of a custody order. *Id.* at 19. The court recognized that under Texas Rule of Civil Procedure 308a it had authority to allow attorney's fees against a person in default on his child-support obligation.[3] *Id.* at 20. But because the case also involved issues of custody modification, the court turned to common law and applied the doctrine of necessaries.[4] *Id.* at 20–21. The *Schwartz* court reasoned:

> [T]he kind of home in which the children are reared and the persons with whom they daily associate are most important.

Therefore, the matter of their custody is of utmost concern. For there to be full development of matters bearing on these issues it is necessary to employ counsel to look after the children's interest.

*Id.* at 21. Thus, because the "real parties . . . [are] the children . . . the furnishing of counsel was the furnishing of necessaries to the minor children." *Id.* at 20.

Following this logic, courts ordered attorney's fees, as necessaries furnished to the child, to be paid as child support. *E.g., Daniels v. Allen*, 811 S.W.2d 278, 279–80 (Tex.App.-Tyler 1991, no writ.); *see also In re A.J.L.*, 108 S.W.3d 414, 422 (Tex. App.-Fort Worth 2003, pet. denied) (stating that an order to pay attorney's fees as child support has been interpreted as an order to pay the fees as necessaries for the benefit of the child); *Ex parte Kimsey*, 915 S.W.2d 523, 526 n. 1 (Tex.App.-El Paso 1995, no writ) (noting "[i]f a parent has an obligation to support a child . . ., and if the court possesses statutory authority to order the payment of attorney's fees for the safety and welfare of the child, we see no rationale for the conclusion that attorney's fees may not be ordered paid as child support, particularly where the welfare of

---

**3.** Rule 308a gave a court authority to "enforce its judgment by orders as in other cases of civil contempt" against a person in default in paying child support. Tex.R. Civ. P. 308a (West 1989, amended 1990). In *Ex parte Helms,* this Court found Rule 308a provided courts with the authority to hold a parent in contempt for failing to pay attorney's fees incurred in a suit to enforce support orders. 152 Tex. 480, 259 S.W.2d 184, 188–89 (Tex. 1953).

**4.** Beginning in 1935, the Legislature empowered courts to order either parent to make periodic support payments for the benefit of his or her child in the event of a divorce. Act of Mar. 19, 1935, 44th Leg., R.S., ch. 39, § 1, 1935 Tex. Gen. Laws 111, 112, repealed by Act of May 25, 1973, 63d Leg., R.S., ch. 543,

§ 3, 1973 Tex. Gen. Laws 1411, 1458. But at the time *Schwartz* was decided, the Legislature had yet to expressly codify the common-law doctrine of necessaries. The Court provides an overview of the codification of this doctrine. 419 S.W.3d at 299. The Legislature codified the common-law doctrine of necessaries by amending former Article 4614 of our Civil Statutes in 1967, providing that each spouse had the duty to support his or her children and may be liable to third parties who provide necessaries to the child should the parent fail to do so. *See* Act of May 27, 1967, 60th Leg., R.S., ch. 309, § 1, art. 4614, 1967 Tex. Gen. Laws 735, 736. Since 1995, this statutory support duty has been part of Title 5 of the Family Code, first under section 151.003(c), and subsequently under section 151.001(c) in 2001. 419 S.W.3d at 299 n. 6.

the child is in issue as it is in a suit affecting the parent-child relationship"). Thus, well before the Legislature amended the Family Code in 1999 to include the provision at issue today, courts had implied a right to recover attorney's fees as necessaries in suits affecting the parent-child relationship (SAPCRs).

## II. Evolution of Attorney's Fees in the Family Code

Based upon a parent's common-law (and subsequently statutory) duty to support his or her child, trial courts concluded that attorney's fees may be allowed in custody and support proceedings. Though this Court recognized that a parent may be held in contempt for failure to pay attorney's fees incurred in a suit for child-support enforcement based upon Rule of Civil Procedure 308a, *see Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188–89 (1953), the Family Code did not actually speak to the matter of attorney's fees until 1973 when the Legislature adopted Title 2 of the Family Code governing "The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." Act of May 25, 1973, 63d Leg., R. S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1411. Specifically, the Legislature included section 11.18(a), indicating "[i]n any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name." Act of May 25, 1973, 63d Leg., R. S., ch. 543, § 1, sec. 11.18(a), 1973 Tex. Gen. Laws 1411, 1419. The Legislature amended this section in 1981 to clarify that attorney's fees could be awarded as costs in cases "including, but not limited to, habeas corpus, enforcement, and contempt proceedings." Act of May 31, 1981, 67th Leg., R.S., ch. 355, § 3, sec. 11.18(a), 1981 Tex. Gen. Laws 942, 944. Thus, after the enactment of Title 2 in 1973, courts found support in the Family Code for awarding attorney's fees in SAPCRs.

In 1995, the Legislature adopted substantial changes to the Family Code provisions governing SAPCRs. It recodified the Family Code by reenacting Title 2 as simply "Title 2. Child in Relation to the Family" and adding "Title 5. The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." Act of April 6, 1995, 74th Leg., R. S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 122. Prior to the 1995 amendments, the provisions governing modification suits and the provisions governing suits for enforcement of support orders were both included in Chapter 14 of Title 2. Notably, the only guidance in the Family Code regarding attorney's fees in all SAPCRs (modification and enforcement alike) until 1995 was section 11.18, providing generally that "attorney fees may be taxed as costs." Courts interpreted section 11.18 as complementary—rather than contradictory—to the practice of allowing attorney's fees as necessaries. *E.g.*, *Drexel v. McCutcheon*, 604 S.W.2d 430, 434 (Tex.Civ.App.-Waco 1980, no writ) ("[Section] 11.18(a), allowing attorney's fees in suits affecting parent-child relationships, does not purport to abolish the common law rule allowing attorney's fees as necessaries for the child. We hold it did not."). Thus, courts continued the practice of awarding attorney's fees as necessaries for the child. *See, e.g.*, *Roosth v. Roosth*, 889 S.W.2d 445, 456 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ("Attorney fees rendered in a suit affecting the parent-child relationship may be awarded as necessaries to the children."); *Uhl v. Uhl*, 524 S.W.2d 534, 538 (Tex.Civ.App.-Fort Worth 1975, no writ) (noting that "attorney's fees for the plaintiff should be held to be 'necessaries' to defendant's minor child").

By enacting Title 5 of the Family Code in 1995, the Legislature decidedly separated the statutory provisions governing suits for modification and suits for enforcement of support orders into Chapters 156 and 157, respectively. Each of these chapters also included more specific guidelines for awarding attorney's fees. With respect to modification suits under Chapter 156, the Legislature specified that the court "shall tax attorney's fees as costs" in those suits frivolously filed or designed to harass a party. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 156.005, 1995 Tex. Gen. Laws 113,172.[5] With respect to enforcement suits under Chapter 157, the Legislature provided that the court may order a respondent to pay "reasonable attorney's fees and all court costs in addition to the arrearages." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 157.167, 1995 Tex. Gen. Laws 113, 182. The 1995 amendments also elaborated on the statute's general attorney's fees provision, adding that a judgment for attorney's fees may be enforced "by any means available for the enforcement of a judgment for debt." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 106.002(b), 1995 Tex. Gen. Laws 113, 133. Despite these statutory changes, courts continued the practice of applying the common-law doctrine of necessaries to award attorney's fees in SAPCRs. *See, e.g., Farish v. Farish,* 982 S.W.2d 623, 628 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (citing section 106.002 for the proposition that "[a]ttorney's fees rendered in . . . a suit affecting the parent-child relationship may be awarded as necessaries to the child").

In 1999, the Legislature amended section 157.167, providing that "[f]ees and costs ordered under this section may be enforced by any means available for the enforcement of child support, including contempt." Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 18, sec. 157.167(c), 1999 Tex. Gen. Laws 3058, 3062.[6] By allowing attorney's fees in enforcement proceedings to be "enforced by any means available . . . including contempt," the amendment expressly provided courts latitude to award attorney's fees as additional child support, not merely as a debt.[7] TEX. FAM.CODE § 157.167(a); *see also* TEX. FAM. CODE § 158.0051(a) ("[T]he court may render an order that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support under this title."). Importantly, this statutory addition, though consistent with the common-law practice of awarding attorney's fees as necessaries, appeared only in Chapter 157, which governs suits for en-

5. Section 156.005 has not been amended since its original enactment in 1995.

6. This section has been amended several times since the addition of this key sentence— twice in 2003 and once in 2005—but each amendment kept the substance of this sentence intact while changing its location within the provision. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 477, § 1, sec. 157.167(d), 2003 Tex. Gen. Laws 1743, 1743; Act of May 31, 2003, 78th Leg., R.S., ch. 1262, § 1, sec. 157.167, 2003 Tex. Gen. Laws 3572, 3572; Act of May 17, 2005, 79th Leg., R.S., ch. 253, § 1, sec. 157.167(a), 2005 Tex. Gen. Laws 452, 452.

7. Such authority with respect to attorney's fees had previously only been impliedly allowed under the authority conferred to courts in Rule 308a. *See Helms,* 259 S.W.2d at 188–89. As the Court states, the contempt power set forth in Chapter 157 includes the possibility of confinement, garnishment of the obligor's wages, and suspension of an obligor's license. 419 S.W.3d at 297. The Texas Constitution prohibits a court from using its contempt power to enforce a judgment for debt. *Id.* at 295 n. 4; TEX. CONST art. I, § 18.

forcement of support orders. No similar provision was made in Chapter 156, governing non-enforcement modification suits. Thus, following the 1999 amendments, attorney's fees in non-enforcement modification proceedings were still governed by the general provision in section 106.002 allowing for fees to be enforced by "any means available for the enforcement of a judgment for debt." Tex. Fam.Code § 106.002(b).

After the 1999 amendment to section 157.167, a split developed among the courts of appeals. On one hand, some courts had continued to cite the common-law doctrine of necessaries as the basis for awarding attorney's fees even after the Legislature amended section 106.002 in 1995 to specify that attorney's fees may be enforced "by any means available for the enforcement of a judgment for debt." *E.g., Farish,* 982 S.W.2d at 628. Because the 1999 amendments did not expressly alter the relationship between Chapter 156 and Chapter 106, some courts of appeals, bound by precedent, found the doctrine of necessaries still applicable in awarding attorney's fees as child support in SAPCR proceedings. *See, e.g., A.J.L.,* 108 S.W.3d at 422 ("It is settled that attorney's fees rendered in . . . a [SAPCR] may be awarded as necessaries to the child. . . ."). On the other hand, some courts found that by adding section 157.167(c), the Legislature clarified that attorney's fees may only be taxed as child support when incurred during enforcement proceedings. *E.g., In re Moers,* 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

### III. Separate Statutory Treatment of SAPCRs

By amending section 157.167 to expressly allow courts to enforce attorney's fee awards "by any means available for the enforcement of child support," the Legisla-

ture codified the past practice of awarding attorney's fees in SAPCR proceedings under the common-law doctrine of necessaries, but only with respect to enforcement proceedings. Tex. Fam.Code § 157.167(a). The development of separate and distinct provisions for modification and enforcement suits evinces Legislative intent that such proceedings merit different treatment.

But the development of divergent statutory frameworks for different SAPCR proceedings against a common-law backdrop has understandably led to a lack of uniformity in the courts of appeals. Though the Family Code now provides wholly separate chapters for suits for modification and enforcement, trial courts are often presented with cases in which parties seek both modification and enforcement of support orders. Considering the inextricability of modification and enforcement issues in many SAPCR proceedings, it follows that trial courts placed in such circumstances would maintain similar discretion to award attorney's fees as child support. On the facts of this case the Court need not decide whether attorney's fees can be taxed as child support in these blended proceedings. But such proceedings are likely the source of conflicting case law among the courts of appeals. Now, having explained whether attorney's fees can be awarded as additional child support in non-enforcement modification proceedings, at least a substantial amount of that confusion should be resolved.

### IV. Conclusion

The lack of uniformity in the courts of appeals after the recent statutory changes is attributable to the long history in Texas courts of applying the doctrine of necessaries to award attorney's fees as child support. Permitting trial courts to award such fees as child support, and thus expos-

ing parties to the prospect of contempt if they should fail to pay, would certainly dissuade parties from filing frivolous or harassing lawsuits that serve only to further injure the children involved. Nevertheless, given the current statutory framework, I agree with the Court's conclusion that in absence of express statutory authority, a trial court lacks the discretion to characterize the attorney's fees incurred in a suit for custody modification as necessaries or as additional child support. For these reasons, I join the Court's opinion and concur in its judgment.

